UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERRY W. MOORE,

       Plaintiff,

  v.                                                                                      21-CV-1099-LJV
                                                                                             ORDER
CAPITAL REALTY GROUP, INC., *et al.*,

       Defendants.
_____

       The *pro se* plaintiff, Jerry W. Moore, has filed a complaint asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and the Fair Housing Act of 1968 ("FHA") against Capital Realty Group, Inc. ("Capital Realty"), the owner of St. John Tower Apartments; Felecia Pryor, the property manager at St. John Tower Apartments; and the United States Department of Housing and Urban Development ("HUD").  Docket Item 1.  He also has moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it) and has filed the required affidavit.  Docket Item 2.  And he has asked this Court to direct the United States Marshals Service to serve a copy of his summons and complaint on all named defendants.  Docket Item 3.

       Because Moore meets the statutory requirements to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2), his motion is granted.  Moreover, with the exception of the claims against HUD addressed below, Moore's complaint presents "colorable claim[s]" and therefore survives screening under 28 U.S.C. § 1915(e)(2).  *See Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("*Sua sponte* dismissal of a *pro*

se complaint prior to service of process is a draconian device which is warranted only when the complaint lacks an arguable basis either in law or in fact [or is] frivolous on its face or wholly insubstantial." (citations omitted)); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (explaining that dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) still may be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of section 1915(e)(2)).

Moore's claims against HUD, however, are subject to dismissal. Although Moore names HUD in the caption of his complaint, *see* Docket Item 1 at 1, and identifies HUD as a defendant in the action, *see id.* at 2, he raises no factual allegations against HUD, *see, e.g.*, *id.* at 3-4. Accordingly, he fails to state a viable claim against HUD. Furthermore, to the extent that Moore's complaint can be construed as bringing a claim against HUD for a failure to investigate discrimination under the FHA, *see id.* at 8, he fails to state a plausible claim because "[n]o right of action lies against HUD for its failure to investigate a charge of discrimination under the [FHA]." *Faccio v. U.S. Dep't of Hous. & Urb. Dev.*, 442 F. App'x 599, 600 (2d Cir. 2011) (summary order). Nevertheless, given his *pro se* status, Moore may amend his complaint to allege, if possible, a viable claim against HUD.

Moore is advised that an amended complaint is intended to **completely replace** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each defendant so that the

amended complaint stands alone as the only complaint that the defendants must answer.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that Moore's motion to proceed *in forma pauperis*, Docket Item 2, is GRANTED; and it is further

ORDERED that Moore may amend his claims against HUD **within 45 days of this order**; and it is further

ORDERED that if Moore does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, his claims against HUD will be dismissed without further order, and the Clerk of the Court shall terminate HUD as a defendant to this action; and it is further

ORDERED that the Clerk of Court shall send to Moore with this order a copy of the original complaint, a blank non-prisoner complaint form, and the instructions for preparing an amended complaint;[1] and it is further

ORDERED that if Moore does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons,

---

[1] The plaintiff is advised that he may be eligible for help in amending her complaint from the Pro Se Assistance Program, a joint project staffed by the University at Buffalo School of Law and the Erie County Bar Association Volunteer Lawyers Project. The program can be reached by calling 716-847-0662, ext. 340, and leaving a message. Additional information is available at https://www.nywd.uscourts.gov/pro-se-assistance-program-0.

complaint, and this order upon Capital Realty and Pryor, without the plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor; and it is further

ORDERED that Moore's remaining motion for service, Docket Item 3, is denied as premature; and it is further

ORDERED that Moore shall notify the Court in writing if his address changes. The Court may dismiss the action if Moore fails to do so.

SO ORDERED.

Dated: April 7, 2022
Buffalo, New York

                                       */s/ Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE