UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERRY W. MOORE,

       Plaintiff,

  v.                                      21-CV-1099-LJV
                                          ORDER

CAPITAL REALTY GROUP, INC., *et al.*,

       Defendants.
_____

       The *pro se* plaintiff, Jerry W. Moore, has filed a second motion for a preliminary injunction in this case.[1] Docket Item 12. Moore seeks to enjoin "Capital Realty Group, Inc., . . . and Felicia [sic] Pryor, property manager at [the] St. John Tower Apartments," from "[i]nstall[ing] new patio/balcony sliding-doors" in his apartment unit. *Id.* at 2. Moore claims that the "new patio sliding doors," which "are no different [from] the current patio doors," will prevent "wheelchair-bound tenants" from accessing their balconies in violation of the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA"). *Id.* at 3 (internal quotation marks omitted).

       Moore originally filed a complaint in this case raising claims related to, among other things, St. John Tower Apartments' dissemination of "mini-transmitter necklace[s]" to its residents. Docket Item 1. This Court screened Moore's complaint under 28 U.S.C. § 1915(e)(2), allowing Moore's claims to proceed against some defendants but finding that Moore's claims against the United States Department of Housing and Urban Development ("HUD") were subject to dismissal. Docket Item 4. The Court gave Moore

---

[1] Moore's first motion for a preliminary injunction, which seeks to halt his impending eviction, remains pending. *See* Docket Item 5.

leave to amend those claims to show how HUD is liable to him, *see id.*; Moore then filed an amended complaint that included additional factual allegations, Docket Item 7.

Because Moore's latest motion for a preliminary injunction asserts claims based on facts completely different from those in his amended complaint, this Court treats Moore's motion for a preliminary injunction also as a motion to amend the amended complaint and grants the motion to amend. The Court accordingly screens Moore's amended complaint and his new claims under 28 U.S.C. § 1915(e)(2). Moore's new claims against Capital Realty Group and Pryor are "colorable" and therefore survive screening under 28 U.S.C. § 1915(e)(2). *See Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device which is warranted only when the complaint lacks an arguable basis either in law or in fact [or is] frivolous on its face or wholly insubstantial." (citations and internal quotation marks omitted)); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (explaining that dismissal under Federal Rule of Civil Procedure 12(b)(6) still may be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of section 1915(e)(2)).

To the extent that Moore's most recent motion for a preliminary injunction also asserts new claims against HUD, however, those claims are dismissed.[2] Moore cites the FHA and Titles II and III of the ADA as the basis for his claims related to the "new

---

[2] Moore seeks an injunction only against Pryor and Capital Realty Group to stop the impending installation of the "patio/balcony sliding doors." *See* Docket Item 12 at 1-2. But because Moore also has included additional allegations about HUD in his attached affidavit, *see id.* at 5-7, this Court construes the motion as seeking an injunction against Pryor and Capital Realty Group and adding new claims against HUD.

patio/balcony sliding doors."[3]  *See* Docket Item 12 at 1-2.  But Moore cannot pursue any claim against HUD—a federal agency—under Title II of the ADA "because Title II . . . is not applicable to the federal government."  *See Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000).  Likewise, because "Title III of the ADA applies [only] to private entities providing public accommodations[] [and] not to public entities," any claim against HUD under Title III also fails.  *See DeBord v. Bd. of Educ. of Ferguson-Florissant Sch. Dist.*, 126 F.3d 1102, 1106 (8th Cir. 1997).

Moore also says that HUD "has turned a 'blind eye' to the continuation of ADA [and FHA] [v]iolations [] at [the St. John Tower] Apartments by allowing the 'new' sliding patio/balcony doors to be installed."  Docket Item 12 at 6.  But Moore cannot sue HUD for failing to investigate alleged discrimination under the FHA.  *See Faccio v. U.S. Dep't of Hous. & Urb. Dev.*, 442 F. App'x 599, 600 (2d Cir. 2011) (summary order) ("No right of action lies against HUD for its failure to investigate a charge of discrimination under the [FHA]."); *Morales v. Related Mgmt. Co.*, 2015 WL 7779297, at *9 (S.D.N.Y. Dec. 2, 2015) ("To the extent that [the] [p]laintiff alleges that the [f]ederal [d]efendants violated his rights under the FHA, this claim fails because the statute provides no express or implied right of action against HUD or its officers.").  So any claim challenging HUD's

---

[3] Moore also refers to HUD's "complacen[cy] and/or complicit[y]" in the other defendants' violations of 24 C.F.R. § 8.33.  *See* Docket Item 12-1 at 5-6.  If Moore is trying to sue HUD directly under that regulation, any such claim is dismissed because that regulation does not provide for a private cause of action.  *See Three Rivers Ctr. for Indep. Living v. Hous. Auth. of City of Pittsburgh*, 382 F.3d 412, 431 (3d Cir. 2004) (finding no private right of action in relevant regulations); *see also Taylor ex rel. Wazyluk v. Hous. Auth. of City of New Haven*, 645 F.3d 152, 154 (2d Cir. 2011) (per curiam) (citing *Three Rivers* with approval).

alleged failure to investigate the impending installation of new "patio/balcony sliding doors" is dismissed.

Moore's claims against HUD in the amended complaint suffer from the same deficiencies. This Court previously found that Moore's claims against HUD were subject to dismissal because he had not raised any factual allegations against the agency. *See* Docket Item 4 at 2. Moore now has filed an amended complaint including additional allegations against HUD. Moore says that HUD "did not commit the violations at [the St. John Tower Apartments]" but instead is "complicit in the violations of the [FHA] and [ADA]" that are occurring at the apartment complex. Docket Item 7 at 20. And Moore alleges that HUD has failed to adequately investigate the ongoing discrimination at the St. John Tower Apartments. *Id.* at 20-21.

For all the reasons stated above, however, any claim asserted against HUD under Titles II and III of the ADA is dismissed because HUD is not subject to suit under those provisions. *See Cellular Phone Taskforce*, 217 F.3d at 73; *DeBord*, 126 F.3d at 1106. And Moore explicitly says that HUD "did not commit the violations at [the St. John Tower Apartments]," but instead failed to adequately investigate or sanction the complex for the ongoing FHA violations. *See* Docket Item 7 at 20; *see also id.* at 23 (alleging that Moore "mailed a complaint to HUD concerning [the] removal of emergency-pull cords" but that "[n]o action was taken" (internal quotation marks omitted)). That claim is dismissed because, as noted above, "[n]o right of action lies against HUD for its failure to investigate a charge of discrimination under the [FHA]." *See Faccio*, 442 F. App'x at 600.

**ORDER**

In light of the above, IT IS HEREBY

ORDERED that Moore's motion to amend his complaint, Docket Item 12, is GRANTED; and it is further

ORDERED that Moore's claims against HUD are dismissed, and the Clerk of the Court shall terminate HUD as a party to this action, and it is further

ORDERED that the Clerk of the Court shall cause the United States Marshal to serve copies of Moore's motion, Docket Item 12, and this order upon defendants Capital Realty Group and Felecia Pryor without Moore's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor; and it is further

ORDERED that defendants Capital Realty Group and Felecia Pryor shall respond to the second motion for a preliminary injunction **within 10 days of the date of this order**; and it is further

ORDERED that Moore shall inform this Court in writing if his address changes. The Court may dismiss the action if he fails to do so.

SO ORDERED.

Dated:     June 13, 2022
           Buffalo, New York

                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE