UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERRY W. MOORE,

                    Plaintiff,

        v.

CAPITAL REALTY GROUP, INC.,
NAME-UNKNOWN OWNER(S) OF ST. JOHN
  TOWERS APTS,
FELICIA PRYOR,
U.S. Department of Housing and Urban
  Development, and
MARCIA FUDGE, Secretary of U.S. Department
  of Housing and Urban Development,

                    Defendants.
_____

DECISION
and
ORDER

21-CV-1099LGF

**(consent)**

APPEARANCES:       JERRY W. MOORE, *Pro se*
                         865 Michigan Avenue
                         Apt. 313
                         Buffalo, New York  14203-1248

                         THE LAW OFFICE OF COLLEEN KILLIAN
                         Attorneys for Defendants Capital Realty Group, Owners of
                           St. John Towers Apts., and Felicia Pryor
                         COLLEEN MARY KILLIAN, of Counsel
                         43 Court Street
                         Suite 930
                         Buffalo, New York  14202

                         TRINI E. ROSS
                         UNITED STATES ATTORNEY
                         Attorney for Defendants U.S. Dept. of Hous. & Urban
                           Development and Fudge
                         DANIEL BARRIE MOAR
                         Assistant United States Attorney, of Counsel
                         Federal Centre
                         138 Delaware Avenue
                         Buffalo, New York  14202

## JURISDICTION

On June 7, 2023, the parties to this action consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned.  The matter is presently before the court on Plaintiff's motion for a preliminary injunction (Dkt. 51), filed June 20, 2023.

## BACKGROUND and FACTS[1]

Plaintiff Jerry W. Moore ("Plaintiff"), proceeding *pro se*, commenced this civil rights class action on October 7, 2021, asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504" or "the Rehabilitation Act"), and the Fair Housing Act of 1968 ("FHA") against Defendants Capital Realty Group, Inc. ("Capital Realty"), the entity that manages St. John Tower Apartments ("St. John Apartments"), the unknown owner of St. John Apartments, Felicia Pryor, St. John Apartments' property manager ("Pryor") (together, "St. John Defendants"), and the United States Department of Housing and Urban Development ("HUD") (together, "Defendants").  Plaintiff, who is a "'qualified individual with a 100% Total and Permanent Disability' and confined to a wheel chair," Complaint ¶¶ 3, 8, lives in a HUD-subsidized housing unit ("apartment") at St. John Apartments pursuant to a written rental agreement made February 5, 2018 ("the lease agreement"), between Plaintiff and non-party Virginia Michigan Housing Development Fund Company, Inc. ("Virginia Michigan Housing"), for 865 Michigan Avenue, Apartment 313, in Buffalo, New York ("the apartment").  Plaintiff essentially claims Defendants failed to reasonably modify and maintain the St. John Apartments in a manner that

---

[1] The Facts are taken from the Amended Complaint (Dkt. 36).

accommodates tenants with vision impairments[2] and provides for wheelchair accessibility in both the individual apartments as well as in the common areas.

In a letter dated February 22, 2022,[3] Plaintiff was originally notified by Virginia Michigan Housing that his lease was being terminated on June 30, 2022 for three separate violations of the lease agreement, including on January 25, 2022, January 27, 2022, and February 10, 2022.  Lease Termination Notice.[4]  Each asserted incident involved confrontations between Plaintiff and St. John Apartments' management, and inappropriate questions and racial slurs directed by Plaintiff to on-site contractors.  *Id*.

By Order filed April 7, 2022 (Dkt. 4) ("April 7, 2022 Order"), Plaintiff was allowed to proceed *in forma pauperis*, April 7, 2022 Order at 1, and for purposes of screening the *pro se* complaint pursuant to 28 U.S.C. §1915(e)(2), Plaintiff's claims were found viable except as alleged against Defendant HUD, with the claims dismissed with regard to HUD against whom no ADA claim could be asserted and the claims pertaining to HUD's failure to investigate the alleged FHA violations at St. John Apartments were not viable, and Plaintiff was granted leave to file an amended complaint.  On April 11, 2022, Plaintiff filed his first motion for preliminary injunction (Dkt. 5) ("First PI Motion"), seeking to stop Defendants from evicting, pending the outcome of Plaintiff's claims, him at that time.  On April 19, 2022, Plaintiff filed an Amended Complaint (Dkt. 7) ("First Amended Complaint"), asserting essentially the same claims as alleged in the original Complaint against the same Defendants, but adding in the Prayer for Relief a request that the

---

[2] Plaintiff does not allege that he is blind or has impaired vision.
[3] The letter's actual date of February 22, 2021, appears to be a typographical error given that the letter purports to be providing Plaintiff with 90-days notice that his lease was being terminated effective June 30, 2022.
[4] Dkt. 5 at 8-9.

court enjoin any eviction proceedings "as retaliatory and discriminatory."  First Amended

Complaint, Prayer for Relief ¶ 2.e.

On June 8, 2022, Plaintiff filed his second motion for preliminary injunction (Dkt.

12) ("Second PI Motion"), seeking to enjoin Defendants from installing new sliding patio

doors to the apartment's balcony which Plaintiff maintained were not compatible with

the use of a wheelchair and thus would prevent Plaintiff from using the balcony to his

apartment.  On June 27, 2022, Plaintiff moved for leave to file a second amended

complaint (Dkt. 17).

In a Decision and Order filed June 30, 2022 (Dkt. 18) ("June 30, 2022 D&O"),

District Judge Lawrence J. Vilardo denied Plaintiff's First and Second PI Motions

because Plaintiff failed to make the necessary showing of irreparable harm including

that he would be homeless, June 30, 2022 D&O at 6, and also failed to demonstrate

that the new patio doors were any different that the current patio doors in the apartment

that were to be replaced.  *Id*. at 7-8.  On August 10, 2022, at Plaintiff's request (Dkt. 21),

the Clerk of Court entered default on the First Amended Complaint against St. John

Defendants (Dkt. 21) ("Entry of Default").  St. John Defendants' answer to the Second

Amended Complaint was filed August 11, 2022 (Dkt. 24).[5]  On August 17, 2022, Plaintiff

moved for default judgment (Dkt. 25), and on August 18, 2022, St. John Defendants

moved to vacate Entry of Default (Dkt. 26).  On September 6, 2022, Plaintiff moved for

appointment of counsel (Dkt. 31).  Plaintiff moved for class certification on September 6,

2022 (Dkt. 32), and on September 26, 2022 (Dkt. 34).  On January 11, 2023, District

Judge Vilardo, *inter alia*, denied Plaintiff's motions for class action certification and to

---

[5] The court notes that as of August 11, 2022, the Second Amended Complaint had yet to be filed, nor had the court granted Plaintiff leave to file the Second Amended Complaint.

appoint counsel, and granted St. John Defendants' motion to vacate Entry of Default

and Plaintiff's motion to file a second amended complaint, and the Second Amended

Complaint was filed, backdated to June 27, 2022 (Dkt. 36).[6]  As with the original and

First Amended Complaints, the Second Amended Complaint is styled as a class action[7]

and asserts the same claims as the original and First Amended Complaint, but adds

HUD Secretary Marcia Fudge ("Fudge") as a Defendant, and clarifies that Capital Realty

and the unknown owners of St. John Apartments have been the same entity since

August 2019.[8]  Second Amended Complaint ¶ 5.  In particular, Plaintiff alleges

violations of federal housing laws including, *inter alia*, there are several features

rendering the residential units ("apartments") inaccessible to persons with disabilities

including excessively high thresholds at the front and rear door entrances, numerous

features of the apartments do not accommodate wheelchairs including, for example,

insufficient room in the bathrooms and kitchens, and mailboxes not properly located for

access by a wheelchair confined tenant, Defendants replaced the "Emergency Pull-

Cord and Emergency Annunciator and Alarm System" in all St. John Apartments,

including Plaintiff's apartment, Second Amended Complaint ¶¶ 5, with "mini-transmitter

necklace[s]" that are "unreliable" and not water resistant, and fail to properly function in

inclement weather, there are no "sound devices" to assist blind tenants with moving

about the apartments, and that despite complaints by Plaintiff and other tenants,

Defendants have not corrected the violations.

---

[6] It is not clear from the record why the Second Amended Complaint's filing was backdated.

[7] The court notes that in the January 11, 2023 Order, Plaintiff's class certification request was denied because a *pro se* plaintiff may not act as a representative of a class.  Dkt. 35 at 10-11 (citing *Ramos v. Wolf*, 2021 WL 2355106, at * 1 (W.D.N.Y. June 9, 2021)).

[8] St. John Defendants admit this allegation.  *See* Answer to the Second Amended Complaint ¶ 1.

In a Petition dated May 6, 2023 and filed in Buffalo City Court ("Buffalo City Court") on June 23, 2023 (Dkt. 54-1) ("Petition"), Virginia Michigan Housing sought to have Plaintiff evicted from his apartment as a holdover tenant based on the termination of Plaintiff's lease on June 30, 2022 for violations of the lease agreement with regard to the same confrontations between Plaintiff and the St. John Apartments management, and inappropriate questions and racial slurs directed by Plaintiff to on-site contractors as stated in the February 22, 2022 Lease Termination Notice ("eviction proceedings").[9] On May 23, 2023, Defendant Fudge moved to dismiss the Second Amended Complaint as against HUD (Dkt. 43).

On June 20, 2023, while Fudge's motion was pending, Plaintiff filed the instant motion (Dkt. 51) ("Plaintiffs' Motion") seeking a preliminary injunction to stop Capital Realty, Pryor, and non-party Virginia Michigan Housing from evicting Plaintiff from his apartment.  On June 29, 2023, St. John Defendants filed the Response in Opposition to Plaintiff(s)' Motion for Preliminary Injunction (Dkt. 54) ("St. John Defendants' Response"), attaching as an exhibit (Dkt. 54-1) a copy of the Petition filed in Buffalo City Court.  Plaintiff has not filed any papers in further support of the motion.

Based on the following, Plaintiff's Motion is DENIED.


## DISCUSSION

"'A preliminary injunction is an extraordinary remedy never awarded as of right.'" *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 666–67 (2d Cir. 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  "'A plaintiff seeking a preliminary

---

[9] There is no explanation in the record as to why the eviction proceedings, which rely on the February 20, 2022 Lease Termination Notice, were not commenced earlier.

injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, [and] that the balance of equities tips in his favor . . . .'" *Id.* at 667 (quoting *Winter*, 555 U.S. at 20).[10]  Whether to grant a preliminary injunction is committed to the discretion of the district court. *Christian Louboutin S.A. v. Yves Saint Laurent America Holdings, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012).  The requested injunctive relief also must be directed to a named party over whom the court has personal jurisdiction.  *See Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 2018 WL 2022626, at *2 (S.D.NY. Apr. 30, 2018) (citing *Khatib v. Alliance Bankshares Corp.*, 846 F.Supp.2d 18, 25 (D.D.C. 2012) ("The cardinal principal that the district court is 'powerless to proceed' in the absence of personal jurisdiction, applies with no less force when the court is presented with motion for a preliminary injunction." (quoting *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)))).  *See also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction." (vacating injunction granted by district court prior to resolving question of whether the district court had personal jurisdiction over the party sought to be enjoined, and citing *Weitzman v. Stein,* 897 F.2d 653, 659 (2d Cir.1990))).  Here, it is undisputed that Virginia Michigan Housing is not a party and has not been served in this action.  Accordingly, the court lacks personal jurisdiction over Virginia Michigan Housing against whom the court thus is unable to issue a preliminary injunction.

---

[10] Although not relevant in the instant case, the court notes in the interest of completeness that where the challenged action or the proposed relief implicates the public interest, that aspect may also be considered.  *Winter*, 555 U.S. at 20; *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012).

Further, it is critical that the requested injunctive relief relate to the allegations contained in the underlying complaint.  *See Abdul-Jabbar v. West*, 2009 WL 2762270, at *9 (W.D.N.Y. Aug. 26, 2009) (citing *Allen v. Brown,* 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and, thus, plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff)).  In the instant case, Plaintiff's requested injunctive relief, *i.e.*, an order stopping Capital Realty, Pryor and Virginia Michigan Housing, a non-party, from evicting Plaintiff, in no way relates to the merits of the claims asserted in Plaintiff's Second Amended Complaint alleging Defendants failed to ensure the St. John Apartments were handicapped-accessible as required by the ADA, Section 504, and the FHA, especially with regard to the replacement of the emergency pull-cords with transmitter necklaces, wheelchair accessibility, and accommodations for vision-impaired tenants.   Because the requested injunctive relief, an order enjoining the eviction proceedings against Plaintiff, is completely unrelated to the merits of the claims and seeks to enjoin a non-party, Virginia Michigan Housing as asserted in the Second Amended Complaint, Plaintiff's Motion is DENIED.

Alternatively, the Anti–Injunction Act, 28 U.S.C. § 2283 (the "AIA"), bars federal courts from granting "'an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Allen v. New York City Hous. Auth.*, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) (quoting 28 U.S.C. § 2283).  The AIA "'is an

8

absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act,' which are to be narrowly construed." *Id*. (quoting *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 630 (1977); and citing *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 146(1988)). Courts within the Second Circuit have repeatedly held the AIA bars a federal court from enjoining eviction proceedings in state court. *Id*. (citing *Bosch v. Lamattina,* 2008 WL 4820247, at * 1, 8 (E.D.N.Y. Nov. 4, 2008) (ruling that AIA barred federal district court from staying state-court eviction proceedings against the plaintiff), *O'Neill v. Hernandez,* 2008 WL 2963634, at *1 (S.D.N.Y. Aug. 1, 2008) (finding the AIA "bars this Court from enjoining Plaintiff's eviction proceedings."), and *Baumgarten v. County of Suffolk,* 2007 WL 1490482, at *3–5 (E.D.N.Y. May 15, 2007) (denying the plaintiff's request for a preliminary injunction because the AIA barred the court from disturbing the eviction proceedings against the plaintiff)).  Nor is the injunctive relief sought by Plaintiff within one of the three exceptions to the AIA.

Specifically, the first exception, "as expressly authorized by Act of Congress," 28 U.S.C. § 2283, "only applies when Congress has enacted a statute that 'create[s] a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding.'" *Allen v. New York City Housing Auth.*, 2010 WL 1644956, at *3 (quoting *Mitchum v. Foster,* 407 U.S. 225, 237 (1972)).  Here, each of the statutes on which Plaintiff here relies, *i.e.*, the ADA, the Rehabilitation Act, and the FHA, may be enforceable in both state and federal courts.  *See Duran v. County of Monroe*, 2019 WL 6464279, at * 3 (W.D.N.Y. Dec. 2, 2019) (observing the plaintiff could have brought

ADA and Rehabilitation Act claims in either federal or state court), *Sierra v. City of New York*, 528 F.Supp.2d 465, 468 (S.D.N.Y. 2008) (FHA "is expressly enforceable in both state and federal courts," (citing 42 U.S.C. § 3613(a)(1)(A)), and *Barnes v. Royal Health Care LLC*, 2008 WL 11474967, at * 4 (S.D.N.Y. Sep. 25, 2008) (finding state courts have concurrent jurisdiction over ADA claims).  Accordingly, the first exception is inapplicable.

The second exception providing for injunctive relief "where necessary in aid of [the federal court's] jurisdiction," 28 U.S.C. § 2283, is only triggered "if 'some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case,'"  *Allen*, 2010 WL 1644956, at *4 (citing *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 295 (1970)).  Here, Plaintiff may raise his claims that Defendants violated the ADA, the Rehabilitation Act, and the FHA  as affirmative defenses to the eviction proceedings. *See Kristopher v. Stone Street Properties, LLC*, 2013 WL 499752, at * 4 (S.D.N.Y. Jan. 29, 2013) (citing N.Y. Real. Prop. Acts. § 743 (providing an answer to a petition in an eviction proceeding "may contain any legal or equitable defense, or counterclaim")). Further, even if the Buffalo City Court severs such affirmative defenses, because the defenses, as severed claims, would still be litigated in the state court, "'the possibility of severance therefore has no effect on the Anti-Injunction Act analysis.'"  *Id*. (quoting *Sierra*, 528 F.Supp.2d at 469 n. 1)).  Therefore, AIA's second exception does not apply here.

The third exception to the Act, *i.e.*, "to protect or effectuate [the federal court's] judgments," 28 U.S.C. § 2283, "only applies where an issue has been previously presented to and decided by the federal court. *Allen*, 2010 WL 1644956, at * 4 (citing *MLE Realty Assocs. v. Handler,* 192 F.3d 259, 261-62 (2d Cir.1999)). Because none of Plaintiff's claims have previously been presented to and decided by this court, the third exception for the AIA is inapplicable here.

Accordingly, as none of the three exceptions to the AIA applies in the instant case, the AIA bars this court from granting the injunctive relief Plaintiff seeks, specifically, an order enjoining the eviction proceedings in Buffalo City Court.

In the interest of completeness, the court further addressed that the Second Amended Complaint, although filed on June 27, 2022, *i.e.*, after the February 22, 2022 Notice, is devoid of any mention of the eviction proceedings by Capital Realty, Pryor, and Virginia Michigan Housing, in the Second Amended Complaint's Prayer for Relief, Plaintiff requests an order "[e]njoin[ing] Defendants from Termination of Tenancy of Plaintiff and Eviction proceedings as retaliatory and discriminatory," Second Amended Complaint, Prayer for Relief, ¶2.e, which, if pleaded as a claim for relief, could, under specific circumstances, be liberally construed to allege a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983 ("§ 1983),[11] *see Greer v. Mehiel*, 2016 WL 828128, at *4 (S.D.N.Y. Feb. 24, 2016), which would not be barred by the AIA. *Id*. (a retaliatory eviction proceeding raises a First Amendment issue not barred by the AIA if the plaintiff

---

[11] The Supreme Court has instructed that the pleadings and papers of *pro se* litigants are to be liberally construed. *See Boykin v. KeyCorp.*, 521 F.3d 202, 213-14 (2d Cir. 2008) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))).

has asserted a viable § 1983 claim).  Nevertheless, a § 1983 claim for deprivation of a constitutional right is "required to show state action."  *Tancredi v. Metro Life Ins. Co*., 316 F.3d 308, 312 (2d Cir. 2003).

In the instant case, Plaintiff has not alleged any facts establishing the eviction proceedings qualify as state action, none of the St. John Defendants is alleged to be a state actor, and Plaintiff has utterly failed to allege any facts to establish any St. John Defendant qualifies as a state actor in one of a few limited circumstances recognized as satisfying the state action requirement, including "(i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity."  *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (citations omitted).  Nor may a First Amendment retaliation claim be asserted against HUD Defendants pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  *See Egbert v. Boule*, __ U.S. __; 142 S.Ct. 1793, 1803 (2022) (refusing to recognize *Bivens* remedy for First Amendment retaliation claim).  Accordingly, the court does not liberally construe the Second Amended Complaint as alleging a § 1983 First Amendment retaliation claim which is not barred by the AIA so as to preclude a preliminary injunction.

Plaintiff's Motion seeking a preliminary injunction is, therefore, DENIED.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Motion seeking an order enjoining eviction proceedings in Buffalo City Court (Dkt. 51), is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      July 24, 2023
            Buffalo, New York

ANY APPEAL TO THE SECOND CIRCUIT COURT OF APPEALS REQUIRED BY FEDERAL RULE OF APPELLATE PROCEDURE 3 MUST BE FILED WITH THE CLERK OF THE DISTRICT COURT **WITHIN 30 DAYS OF THE DATE OF THIS DECISION AND ORDER**, PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(1).