UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERRY W. MOORE,

                Plaintiff,

        v.

CAPITAL REALTY GROUP, INC.,
NAME-UNKNOWN OWNER(S) OF ST. JOHN
  TOWERS APTS,
FELICIA PRYOR,
U.S. DEPARTMENT OF HOUSING AND
  URBAN DEVELOPMENT, and
MARCIA FUDGE, Secretary of U.S. Department
  of Housing and Urban Development,

                Defendants.
_____

DECISION
and
ORDER

21-CV-1099F

**(consent)**

APPEARANCES:        JERRY W. MOORE, *Pro se*
                            865 Michigan Avenue
                            Apt. 313
                            Buffalo, New York  14203-1248

                            THE LAW OFFICE OF COLLEEN KILLIAN
                            Attorney for Defendants Capital Realty Group, Inc., Name-
                              Unknown Owner(s) of St. John Towers Apts, and Pryor
                            COLLEEN MARY KILLIAN, of Counsel
                            43 Court Street
                            Suite 930
                            Buffalo, New York  14202

                            TRINI E. ROSS
                            UNITED STATES ATTORNEY
                            Attorney for Defendants U.S. Department of Housing and
                              Urban Development and Fudge
                            DANIEL BARRIE MOAR
                            Assistant United States Attorney, of Counsel
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York  14202

## JURISDICTION

On June 7, 2023, the parties to this action consented pursuant to 28 U.S.C. § 636(c)(1) to proceed before the undersigned (Dkt. 49).  The matter is presently before the court on Defendant Fudge's motion to dismiss filed May 23, 2023 (Dkt. 43).

## BACKGROUND and FACTS[1]

Plaintiff Jerry W. Moore ("Plaintiff" or "Moore"), proceeding *pro se*, commenced this civil rights action on October 7, 2021, asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504" or "the Rehabilitation Act"), and the Fair Housing Act of 1968 ("FHA"), against Defendants Capital Realty Group, Inc. ("Capital Realty"), the entity that manages St. John Tower Apartments ("St. John Apartments"), the unknown owner of St. John Apartments, St. John Apartments' property manager Felicia Pryor ("Pryor") (together, "St. John Apartments"), the United States Department of Housing and Urban Development ("HUD").  Plaintiff alleges he is a "'qualified individual with a 100% Total and Permanent Disability' and confined to a wheel chair," Complaint ¶¶ 3, 8, lives in a HUD-subsidized housing unit ("the apartment") at St. John Apartments pursuant to a written rental agreement made February 5, 2018 ("the least agreement"), between Plaintiff and non-party Virginia-Michigan Housing Development Fund Company, Inc. ("Virginia-Michigan Housing").  The essence of Plaintiff's claims is that Defendants failed to reasonably modify and maintain the St. John Apartments in a manner that

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

2

accommodates tenants with vision impairments[2] and provides for wheelchair accessibility in both the individual apartments as well as in the common areas. After screening Plaintiff's *pro se* Complaint pursuant to 28 U.S.C. § 1915(e)(2), all of Plaintiff's claims were found viable except as alleged against HUD, and Plaintiff was granted leave to file an amended complaint. April 7, 2022 Order (Dkt. 4). On April 19, 2022, Plaintiff filed his first amended complaint (Dkt. 7) ("FAC"), asserting essentially the same claims as alleged in the original Complaint, but adding in the Prayer for Relief a request that the court enjoin any eviction proceedings "as retaliatory and discriminatory." FAC, Prayer for Relief ¶ 2.e. On June 27, 2022, Plaintiff moved for leave to file a second amended complaint (Dkt. 17).

After twice moving, unsuccessfully, for preliminary injunctions (Dkts. 5, 12), in an Order filed January 11, 2023 ("January 11, 2023 Order") (Dkt. 35), District Judge Lawrence J. Vilardo, *inter alia*, granted Plaintiff's motion for leave to file a second amended complaint, which Plaintiff filed, backdated to June 27, 2022 (Dkt. 36) ("SAC").[3] Plaintiff asserts in the SAC the same claims as asserted in the original Complaint and the FAC, but adds as a Defendant HUD Secretary Marcia Fudge ("Fudge"), and clarifies that Capital Realty and the unknown owners of St. John Apartments refer to the same entity. SAC ¶ 5.

On May 23, 2023, Defendant HUD Secretary Marcia Fudge ("Defendant" or "Fudge"), filed a motion to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(1) for lack

---

[2] Plaintiff does not allege he is blind or vision-impaired.
[3] The SAC, like the original Complaint and the FAC, is styled as a class action. In the January 11, 2023 Order, Judge Vilardo denied Plaintiff's class certification request asserted in the FAC because a *pro se* plaintiff may not act as a class representative. January 11, 2023 Order at 10-11 (citing *Ramos v. Wolf*, 2021 WL 2355106, at *1 (W.D.N.Y. June 9, 2021)).

of subject matter jurisdiction asserting Plaintiff lacks standing to bring his claims against Fudge and Plaintiff's claims are barred by sovereign immunity (Dkt. 43) ("Defendant's Motion"), attaching in support the Declaration of [Assistant United States Attorney][4] Daniel B. Moar (Dkt. 43-1) ("Moar Declaration"), with exhibits 1 and 2 ("Defendant's Exh(s). __"), and the Memorandum of Law in Support of Motion to Dismiss (Dkt. 43-2) ("Defendant's Memorandum").  On June 1, 2023, Plaintiff filed Plaintiff's Rebuttal and Memorandum of Law in Opposition to Dismiss (Dkt. 47) ("Plaintiff's Response").  On June 28, 2023, Defendant filed the Reply Memorandum of Law in Support of Motion to Dismiss (Dkt. 53) ("Defendant's Reply").  On June 19, 2023, Plaintiff filed Plaintiff's Objections to a Motion to Dismiss (Dkt. 58) ("Plaintiff's Sur-Reply").[5]  On July 26, 2023, Plaintiff filed Plaintiff's Rebuttal and Opposition to a Motion to Dismiss a Motion for a Preliminary Injunction (Dkt. 61) ("Plaintiff's Second Sur-Reply").[6]  Oral argument was deemed unnecessary.

---

[4] Unless otherwise indicated, bracketed material has been added.
[5] Plaintiff's Sur-Reply was filed without leave of court.
[6] Insofar as Plaintiff denominates Plaintiff's Second Sur-Reply, also filed without leave of court, as seeking a preliminary injunction, a plain reading of the document establishes Plaintiff advances no argument in support of such relief but only a bald statement that Plaintiff "requests that the court issue an injunction prohibiting the defendant from terminating his 1-year lease agreement and awarding him damages for the 'actual' harm that he has suffered."  Plaintiff's Second Sur-Reply at 6.  The court construes this statement as referencing the Decision and Order filed July 24, 2023 (Dkt. 60) ("July 24, 2023 D&O") denying Plaintiff's motion for a preliminary injunction (Dkt. 54) to stop Defendants Capital Realty, Pryor, and non-party Virginia Michigan Housing from evicting Plaintiff from his apartment.  The motion was predicated on a petition dated May 6, 2023 and filed in Buffalo City Court on June 23, 2023 (Dkt. 54-1), seeking to evict Plaintiff as a holdover tenant based on the June 30, 3022 termination of Plaintiff's lease for violations of the lease agreement including confrontations between Plaintiff and St. John Apartments' management and inappropriate questions and racial slurs Plaintiff directed toward on-site contractors ("the eviction petition").  The undersigned denied the motion because the court lacked jurisdiction over Virginia Michigan Housing which is not a party to this action and has not been served, July 24, 2023 D&O at 7, the requested relief did not relate to the merits of the claims asserted in the SAC, *id*. at 8, the request for preliminary injunction was barred by the Anti-Injunction Act, 28 U.S.C. § 2283 ("the AIA"), *id*. at 8-11, and even liberally construing the eviction petition as filed to retaliate against Plaintiff for commencing the instant action, thus violating the First Amendment, such claim would be a civil rights claim pursuant to 42 U.S.C. § 1983, which requires state action which Plaintiff has not shown.  *Id*. at 11-12.  Nor can the claim as asserted against HUD Defendants be construed pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 288 (1971) ("*Bivens*"), because the Supreme Court has

Based on the following, Defendant's motion is GRANTED.

## DISCUSSION

**1.     Dismissal of Lack of Subject Matter Jurisdiction**

Defendant moves to dismiss the SAC as against her pursuant to Fed.R.Civ.P. 12(b)(1) ("Rule 12(b)(1)"), for lack of subject matter jurisdiction arguing with regard to the claims asserted against HUD, [7] that Plaintiff cannot establish either standing or waiver of sovereign immunity as to such claims requiring the action be dismissed as against Fudge.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed.R.Civ.P. 12(b)(1)).  In resolving a motion pursuant to Rule 12(b)(1), a district court "may refer to evidence outside the pleadings."  *Id*. (citing *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986)).  It is the plaintiff's burden to prove by a preponderance of the evidence that subject matter jurisdiction exists.  *Id*. (citing *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996)).

**2.     Standing**

It is basic that the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies' . . . ."  *Lujan v. Defenders of Wildlife*, 504 U.S.

---

refused to recognize a *Bivens* remedy for a First Amendment retaliation claim.  See *Egbert v. Boule*, 596 U.S. 482, 499 (2022).  In the absence of any additional argument in support of a preliminary injunction, the court considers Plaintiff's Second Sur-Reply only as additional argument in opposition to Defendant's Motion.

[7] Although the SAC names as a defendant HUD Secretary Marcia Fudge, rather than HUD, 42 U.S.C. § 1404a, as relevant here, provides that "[t]he Secretary of Housing and Urban Development may sue and be sued only with respect to its functions under the United States Housing Act of 1937 . . . ."  Accordingly, Defendant's arguments regarding dismissal of the action as against HUD are considered as seeking dismissal of the action as against Fudge.

555, 560 (1992).  This case-or-controversy requirement is satisfied by a plaintiff's showing that he has standing to sue.  *Id*. at 560-61.  To satisfy the standing requirement, a plaintiff must establish three elements including (1) an injury in fact; (2) a causal connection between the injury and conduct complained of so that the injury is fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party who is not before the court; and (3) a likelihood, as opposed to speculation, that the injury will be redressed by a favorable decision.  *Id*.

  Defendant argues Plaintiff lacks standing to bring this action against HUD because even assuming, *arguendo*, Plaintiff can establish injury, Plaintiff has failed to allege facts establishing such injuries are traceable to any discriminatory action by HUD so as to satisfy the Constitution's Article III case-or-controversy requirement.  Defendant's Memorandum at 4-5.  Defendant further maintains that HUD is not a party to the alleged Housing Assistance Payments ("HAP") contract on which Plaintiff relies.  *Id*. at 5-6.  In opposition, Plaintiff argues that HUD's Buffalo Office "is responsible for administering and enforcing Title II and V of the ADA," yet discriminated against Plaintiff by failing "to provide reasonable modifications and accommodations for persons with disabilities at St. John Apartments," Plaintiff's Response at 3, and "identifies specific inaccessible features and violations of accessibility requirements at St. John Tower Apartments," including, *inter alia*, that the sliding doors to the individual apartments' balconies have a 3" step rendering the balcony inaccessible to those who are wheelchair dependent.  *Id*. at 4-6.  In further support of dismissal for lack of standing, Defendant argues that Plaintiff has not and cannot connect any injury Plaintiff allegedly sustained as a result of discriminatory conduct by HUD who does not own or operate

the St. John Apartments, nor does HUD have any contract with the owners of the St. John Apartments. Defendant's Reply at 2-3. Defendant further argues the court has already dismissed Plaintiff's argument that HUD failed to enforce antidiscrimination laws. *Id*. at 4 (citing Dkt. 4 at 2, Dkt. 14 at 4, and Dkt. 43-2 at 10). As a sur-reply, Plaintiff clarifies he is suing HUD for failing to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the FHA, 42 U.S.C. §§ 3601-3619, and Titles II and V of the ADA, 42 U.S.C. §§ 12131-12134, 12203, and 28 C.F.R. Part 35. Plaintiff's Sur-Reply at 2.[8] In further sur-reply, Plaintiff argues Defendant HUD failed to enforce various statutory requirements prohibiting discrimination against disabled persons with regard to housing as statutorily required based on the receipt of HUD funds by the St. John Apartments and Virginia-Michigan Housing. Plaintiff's Second Sur-Reply at 2-5.

As Defendant explains, and Plaintiff does not deny, Section 8 of the U.S. Housing Act of 1937 ("Housing Act"), aids low-income families in obtaining decent dwellings and promoting economically mixed housing by providing rental assistance to private owners of existing housing. Defendant's Memorandum at 3 (citing 42 U.S.C. § 1437f(a) ("For the purpose of aiding low-income families in obtaining a decent place to live and of promoting economically mixed housing, assistance payments may be made with respect to existing housing in accordance with the provisions of this section.")). As relevant here, the Secretary of HUD is authorized to enter into annual contributions contracts with public housing agencies ("PHAs") pursuant to which the PHAs are

---

[8] The court notes two cases Plaintiff cites in support of these arguments, including *O'Connor v. HUD*, 521 U.S. 837 (1997), and *Wheeler v. New York City Housing Authority*, 336 F.3d 333 (2d Cir. 2003), Plaintiff's Sur-Reply at 2, do not exist.

authorized to enter into HAP contracts with private owners of "existing dwelling units . . . " for payment of rental subsidies.  42 U.S.C. § 1437f(b)(1) and (c).  The HAP contracts between a PHA and an owner of rental units establish such terms with regard to each dwelling unit including the maximum monthly rent the owner may receive and the monthly rental subsidy calculation.  42 U.S.C. § 1437f(c).

In the instant case, Defendant argues, and Plaintiff does not dispute, that the St. John Apartments where Plaintiff resides receives Section 8 federal housing assistance pursuant to a HAP contract ("the Contract") between St John Apartments and the New York State Housing Trust Fund Corporation ("NYSHTFC"), the Contract's administrator.  Defendant's Memorandum at 4.  HUD, however, is not a party to the Contract.  *Id*.  Plaintiff nevertheless maintains that because HUD is the source of funding for the Section 8 rental subsidies paid to St. John Apartments pursuant to the Contract, although not a party to the contract, HUD was notwithstanding responsible for enforcing non-discrimination laws, particularly those laws designed to ensure dwelling units are accessible by making reasonable modifications and accommodations for disabled tenants like Plaintiff.  Plaintiff's Response at 3-5.  In further support of dismissal, Defendant argues the Court has previously dismissed Plaintiff's claims against HUD asserting a failure to enforce applicable non-discrimination laws.  Defendant's Reply at 2-3 (citing Dkt. 4 at 2, Dkt. 14 at 4, and Dkt. 43-2 at 10).

In the court's initial screening order filed April 7, 2022 (Dkt. 4) ("April 7, 2022 Order"), District Judge Vilardo dismissed against HUD Plaintiff's claims for failure to investigate alleged discrimination under the FHA because "'[n]o right of action lies against HUD for its failure to investigate a charge of discrimination under the [FHA]."

April 7, 2022 Order at 2 (quoting *Faccio v. U.S. Dep't of Hous. & Urb. Dev.*, 442 Fed.Appx. 599, 600 (2d Cir. 2011)) (brackets in original).  In accordance with Judge Vilardo's dismissal of Plaintiff's claims against HUD without prejudice and with leave to replead, Plaintiff filed the FAC.  In an Order filed June 13, 2022 (Dkt. 14) ("June 13, 2022 Order"), Judge Vilardo screened the FAC and dismissed against HUD what are essentially the same claims asserted against HUD in the SAC, to wit, that HUD was complicit in violations of the FHA and ADA by "fail[ing] to adequately investigate or sanction the [St. John Apartments] for the ongoing FHA violations."   June 13, 2022 Order at 3-4.  Not only is HUD not subject to suit under either Title II or III of the ADA, *id*. at 4 (citing *Cellular Phone Task Force v. F.C.C.*, 217 F.3d 72, 83 (2d Cir. 2000) (federal government cannot be held liable under Title II of the ADA), and *DeBord v. Bd. of Educ. of Ferguson-Florissant Sch. Dist*., 126 F.3d 1102, 1106 (8th Cir. 1997) (Title III of the ADA applies to private entities providing public accommodations, [and] not to public entities.")), but no claim lies against HUD for failing to investigate a discrimination charge under the FHA.  *Id*. (citing *Faccio*, 442 Fed.Appx. at 600).  Not only did Judge Vilardo dismiss such claims against HUD and terminate HUD as a party to this action, but there is no indication in the June 13, 2022 Order that such dismissal was without prejudice and with leave to replead.

With regard to the SAC, not only has Plaintiff failed to allege any facts attributing any injury to HUD, who is not a party to the Contract, but as Judge Vilardo already determined, HUD is not subject to suit under Title II or III of the ADA, nor does any claim lie against HUD for failing to investigate any discrimination claim under the FHA.

9

Accordingly, Plaintiff has failed to establish he has standing to pursue such claims against Defendant and Defendant's Motion should be GRANTED on this basis.

3.    **Sovereign Immunity**

Defendant argues the court lacks subject matter jurisdiction over this action because Plaintiff cannot show Defendant waived its sovereign immunity under 42 U.S.C. § 1404a ("§ 1404a").  Defendant's Memorandum at 6-9; Defendant's Reply at 3-6.  Plaintiff has not responded in opposition to Defendant's argument regarding sovereign immunity.

"The law is clear that '[t]he United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued.'" *Collins v. United States*, 996 F.3d 102, 108-09 (2d Cir. 2021) (quoting *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019)).  "A waiver of sovereign immunity by the United States 'must be unequivocally expressed in the statutory text,' and 'strictly construed, in terms of its scope, in the sovereign's favor.'" *Id*. (quoting *Department of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)).  Further, an action against the Secretary of Housing and Urban Development, in her official capacity, is in fact a suit against the federal government, for the purpose of sovereign immunity rules.  *Ippolito-Lutz, Inc. v. Harris*, 473 F.Supp. 255, 259 (S.D.N.Y. 1979).

A limited waiver of sovereign immunity is provided by § 1404a which, as relevant here, permits that HUD "may sue and be sued only with respect to its functions under this chapter . . . ." 42 U.S.C. § 1404a.  Significantly, the only cases within the Second Circuit in which HUD has been found to have waived sovereign immunity under § 1404a involved HUD's alleged breach of a contract to which HUD was a party, *see Valentine*

*Properties Assocs., LP v. U.S. Dept. of Hous. & Urb. Dev.*, 2007 WL 3146698, at * 6 (S.D.N.Y. Oct. 12, 2007) (finding HUD waived sovereign immunity under § 1404a because "[i]n contracting with Plaintiffs, HUD was acting 'with respect to its functions' under § 1437"); and *Harris*, 473 F.Supp. at 259 (sovereign immunity waived with regard to claimed breach of contract between the plaintiff and entity alleged to be HUD's alter ego), or HUD's alleged failure to comply with the terms of a construction contract that granted HUD substantial control over the project for which HUD also provided the financing.  *FMH Constructors, Inc. v. Village of Canton Housing Auth.*, 779 F.Supp. 677, 680-81 (N.D.N.Y. 1992) (sovereign immunity waived where "HUD maintained substantial control over the project including the right to interpret the construction contract and to determine compliance therewith.").  In contrast, in the instant case, not only is HUD not a party to any relevant contract asserted by Plaintiff, but Plaintiff sues HUD for failing to comply with the terms of a contract pursuant to which HUD has no substantial control over St. John Apartments, and Plaintiff fails to allege that HUD breached any provision of the Contract between St. John Apartments and NYSHTFC.  Accordingly, Plaintiff has failed to establish a waiver of sovereign immunity pursuant to § 1404a such that HUD is not liable to suit in this action, requiring Defendant's Motion be GRANTED on this ground.

## **CONCLUSION**

Based on the foregoing, Defendant's motion (Dkt. 43) is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   January 11, 2024
            Buffalo, New York