UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERRY W. MOORE,

                      Plaintiff,

           v.

CAPITAL REALTY GROUP, INC.,
ST. JOHN TOWERS APARTMENTS, L.L.C.,
FELICIA PRYOR, Property Manager,
HARRY STEIF, Asset Mgr, Capital Realty, and
VIRGINIA-MICHIGAN HOUSING DEVELOPMENT
 FUND COMPANY, INC.,

                    Defendants.
_____

DECISION
and
ORDER

21-CV-1099-LGF

**(consent)**

APPEARANCES:   JERRY W. MOORE, *Pro Se*
865 Michigan Avenue
Apt. 313
Buffalo, New York  14203-1248

THE LAW OFFICE OF COLLEEN KILLIAN
Attorneys for Defendants Capital Realty Group, Inc.,
  St. John Towers Apts., and Pryor
  Housing Development Fund Co., Inc.
COLLEEN MARY KILLIAN, of Counsel
43 Court Street
Suite 930
Buffalo, New York  14202

TRINI E. ROSS
UNITED STATES ATTORNEY
Attorney for Terminated Defendants
  U.S. Department of Housing and Urban
  Development and Fudge
DANIEL BARRIE MOAR
Assistant United States Attorney, of Counsel
Federal Centre
138 Delaware Avenue
Buffalo, New York  14202

On June 7, 2023, the parties to this action consented pursuant to 28 U.S.C. § 636(c)(1) to proceed before the undersigned (Dkt. 49).  Plaintiff Jerry W. Moore ("Plaintiff" or "Moore"), proceeding *pro se*, commenced this civil rights action on October 7, 2021, asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504" or "the Rehabilitation Act"), and the Fair Housing Act of 1968 ("FHA").  Defendants to this action include Capital Realty Group, Inc. ("Capital Realty"), St. John Towers Apartments, L.L.C. ("SJT Apartments"), property manager Felicia Pryor, Capital Realty Asset Manager Harry Steif, and Virginia-Michigan Housing Development Fund Company, Inc. (collectively, "Defendants").  The essence of Plaintiff's claims is that Defendants failed to reasonably modify and maintain the SJT Apartments in a manner that accommodates tenants with vision impairments[1] and provides for wheelchair accessibility in both the individual apartments as well as in the common areas.

After screening Plaintiff's *pro se* original Complaint pursuant to 28 U.S.C. § 1915(e)(2), all of Plaintiff's claims were found viable except as alleged against HUD, and Plaintiff was granted leave to file an amended complaint.  April 7, 2022 Order (Dkt. 4).  On April 19, 2022, Plaintiff filed his first amended complaint (Dkt. 7) ("FAC"), asserting essentially the same claims as alleged in the original Complaint including against HUD.  On June 27, 2022, Plaintiff, having successfully moved for leave to do so, filed a second amended complaint (Dkt. 36) ("SAC"), asserting the same claims as asserted in the original Complaint and the FAC, but adding then-HUD Secretary Marcia Fudge ("Fudge"), as a Defendant (together, "HUD Defendants").  On May 23, 2023,

---

[1] Plaintiff does not allege he is blind or vision-impaired.

2

Fudge moved pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the SAC against HUD Defendants for lack of subject matter jurisdiction, and the motion was granted in a Decision and Order filed January 11, 2024 (Dkt. 63).

On February 14, 2024, Plaintiff sought leave to file a third amended complaint ("TAC"), seeking, *inter alia*, to add as Defendants the same HUD Defendants against whom the undersigned had denied leave to assert claims for lack of subject matter jurisdiction. (Dkt. 69). In a Decision and Order filed May 30, 2024 (Dkt. 76) ("D&O"), Plaintiff was permitted to file the TAC in part to assert claims against other Defendants, D&O at 12-15, but the request to assert claims against the HUD Defendants was denied with prejudice and without leave to replead because the jurisdictional defects in the claims Plaintiff proposed to assert against the HUD Defendants are substantive and cannot be cured such that further pleading of the claims would be futile. D&O at 6-12, 15. Nevertheless, on June 12, 2024, Plaintiff filed the TAC (Dkt. 77), which includes the claims against the HUD Defendants that the court previously disallowed.

The court has plainly ruled that it is without subject matter jurisdiction over the claims Plaintiff seeks to assert against HUD Defendants, a defect which cannot be cured by further pleading. D&O at 15. As such, Plaintiff's inclusion of the same claims in the TAC is not only in violation of the D&O, but the claims constitute immaterial matter that may be *sua sponte* stricken from the TAC pursuant to Fed.R.Civ.P. 12(f) ("Rule 12(f)"). *See Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 426–27 (E.D.N.Y. 2016) (striking *sua sponte* and in the court's discretion, pursuant to Rule 12(f), portions of an amended complaint that were not relevant to the action and thus highly prejudicial to the defendants), *aff'd in part*, *vacated in part*, *remanded*, 676 Fed.Appx. 51, 54 (2d

3

Cir. 2017) (affirming the district court's *sua sponte* dismissal of a portion of a complaint that was immaterial to the action).

Accordingly, the claims asserted against HUD Defendants are STRICKEN from the TAC, which will be considered without regard to any reference to HUD Defendants. Plaintiff and Defendants are DIRECTED to submit proposed scheduling orders pursuant to Fed.R.Civ.P. 16 **by July 19, 2024**.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   July 2, 2024
     Buffalo, New York